UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Barbara M. Crushshon and Timothy J. Shields, jointly and severally,<br><br>Plaintiffs,<br><br>v.<br><br>PHH Mortgage Corporation,<br>d/b/a PHH Mortgage Services,<br><br>Defendant. | Case No. 23-cv-149 (PJS/TNL)<br><br><br><br>**ORDER** |

This matter comes before the Court on Plaintiffs Barbara M. Crushshon and Timothy J. Shields' "Motions to Compel and Amend Scheduling Orders," ECF No. 21. This motion is set for a hearing on May 10, 2024. ECF No. 22. Since the filing of Plaintiffs' motion, the parties have filed a Stipulation to Further Amend Pretrial Scheduling Order ("Stipulation"), ECF No. 26. In the Stipulation, Plaintiffs withdraw that portion of their motion related to amendment of the existing pretrial scheduling order in light of the agreement reflected in the Stipulation. ECF No. 26 at 1. The Court strikes the May 10 hearing, *see* D. Minn. LR 7.1(b), and denies the remainder of Plaintiffs' motion without prejudice.

Plaintiff moves to compel compliance with several subpoenas purportedly served on third-party companies that "Plaintiffs believe either owned outright, or serviced," the mortgage at issue in this litigation. ECF No. 23 at 1. None of the subpoenas for which Plaintiffs move to compel compliance are in the record. *Cf.* Fed. R. Civ. P. 45(d)(1),

1

(2)(B)(ii). In addition, Rule 45(d)(2)(B)(i) permits a party serving a subpoena to "move . . . for an order compelling production or inspection," i.e., compelling compliance with the subpoena, but such motion must provide "*notice to the commanded person*." (Emphasis added). There is no indication that Plaintiffs provided notice of this motion to the companies whose compliance they would have the Court compel.[1]  *See generally, e.g.*, ECF No. 22 (providing notice only to Defendant PHH Mortgage Corporation). Therefore, that portion of Plaintiff's motion seeking to compel compliance with the subpoenas is denied without prejudice.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The motion hearing set for May 10, 2024, before the undersigned, ECF No. 22, is **STRICKEN**.

2. Plaintiffs' "Motions to Compel Discovery and Amend Scheduling Orders," ECF No. 21, is **MOOT** as to the requested amendments to the existing pretrial scheduling order and otherwise **DENIED WITHOUT PREJUDICE**.

3. A Second Amended Pretrial Scheduling Order shall issue shortly.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or

---

[1] Nor is there any indication that Plaintiffs met and conferred or attempted to meet and confer with these companies before filing the instant motion. *See* D. Minn. LR 7.1(a); *see also* D. Minn. LR 7.1(b)(1)(E) (requiring the filing of a meet-and-confer statement with a non-dispositive motion). This is true even for the company with whom Plaintiffs have been having ongoing conversations. *See* ECF No. 23 at 2 ("The conversation between the undersigned and Wendover continues, but no documents have been identified or produced.").

partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: May  6  , 2024                    *s/ Tony N. Leung*
                                         Tony N. Leung
                                         United States Magistrate Judge
                                         District of Minnesota

                                         *Crushshon v. PHH Mortgage Corp.*
                                         Case No. 23-cv-149 (PJS/TNL)